IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**WENDY WISE, EMILY BEASLEY,**                        **PLAINTIFFS**
**RHONDA BRYANT, MARCUS**
**DAVIS, WILL HESLIP, TERESA**
**LOGAN, STEVEN MITCHELL,**
**MICHAEL OZMUN, ERIC RONDON,**
**DAVID SANDERS, DONALD**
**SIMPSON and DYLLON WILKINSON**


vs.                        No. 5:20-cv-868


**NIXON ENGINEERING, LLC**                        **DEFENDANT**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Wendy Wise, Emily Beasley, Rhonda Bryant, Marcus Davis, Will Heslip, Teresa Logan, Steven Mitchell, Michael Ozmun, Eric Rondon, David Sanders, Donald Simpson and Dyllon Wilkinson ("Plaintiffs"), by and through their attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint against Nixon Engineering, LLC ("Defendant"), they do hereby state and allege as follows:

### I.      JURISDICTION AND VENUE

1.      Plaintiffs brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs a minimum wage and proper overtime compensation for all hours that Plaintiffs worked.

2.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Defendant conducts business within the State of Texas, operating and managing a traffic control and highway maintenance business throughout Texas.

4.      The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the San Antonio Division of the Western District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

5.      Plaintiffs were/are employed by Defendant, whose headquarters are in Bastrop, in the Western District of Texas.

6.      Each Plaintiff is a plaintiff/claimant in *Heslip, et al., v. Nixon Engineering, LLC,* 5:_____, in which case they are advancing claims for unpaid overtime due to Defendant having misclassified them as salaried/overtime exempt.  The claims in this case do no overlap with the claims in that case.

## II.      THE PARTIES

7.      Plaintiff Wendy Wise is an individual and resident of the State of Texas.

8.      Plaintiff Emily Beasley is an individual and resident of the State of Texas.

9.      Plaintiff Rhonda Bryant is an individual and resident of the State of Texas.

10.      Plaintiff Marcus Davis is an individual and resident of the State of Texas.

11.      Plaintiff Will Heslip is an individual and resident of the State of Texas.

12.      Plaintiff Teresa Logan is an individual and resident of the State of Texas.

13.      Plaintiff Steven Mitchell is an individual and resident of the State of Texas.

14.      Plaintiff Michael Ozmun is an individual and resident of the State of Texas.

15.     Plaintiff Eric Rondon is an individual and resident of the State of Texas.

16.     Plaintiff David Sanders is an individual and resident of the State of Texas.

17.     Plaintiff Donald Simpson is an individual and resident of the State of Texas.

18.     Plaintiff Dyllon Wilkinson is an individual and resident of the State of Texas.

19.     Defendant Nixon Engineering, LLC, is a domestic limited liability company, with its principal place of business in Bastrop.

20.     Defendant's registered address for service is Tina Tiner Nixon, 508 Pecan Street, Bastrop, Texas 78602.

21.     Defendant maintains a website regarding its business located on the web at http://www.nixon-engineering.com/ww2/.

### III.     FACTUAL ALLEGATIONS

22.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

23.     At all times after three years preceding the filing of the Original Complaint, Defendant had at least two (2) employees that handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce, such as vehicles, including truck mounted attenuators and pilot vehicles, rumble strips, road construction cones and road signs.

24.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

25.     At all relevant times herein, Defendant was/is an "employer" of Plaintiffs within the meaning of the FLSA.

26.     At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

27.     At all material times, Defendant failed to pay Plaintiffs minimum wage as required by the FLSA, 29 U.S.C. § 206.

28.     At all times material herein, Plaintiffs have been misclassified by Defendant as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

29.     At all relevant times herein, Defendant directly hired Plaintiffs to work on traffic control, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30.     Defendant failed to pay Plaintiffs for up to, and possibly exceeding, twenty (20) hours of overtime per week.

31.     Plaintiffs were not asked to provide input as to which employees should be hired or fired.

32.     Plaintiffs did not hire or fire any other employee.

33.     At all relevant times herein, Defendant has deprived Plaintiffs of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

34.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**A.     Plaintiff Wendy Wise**

35.     Plaintiff Wise worked for Nixon Engineering, LLC, as Crew Chief from 2009 to April of 2019.

36.     As a Crew Chief, Plaintiff Wise drove herself and others to jobsites and worked with the road crew to set up and maintain traffic control equipment.

37.     Plaintiff Wise was paid an hourly rate of $8.00 per hour, with an additional bonus of $5.64 per hour for every hour worked up to forty (40) hours, and an overtime rate of $12.00 per hour for some hours worked over forty (40) per week, with some overtime hours going uncompensated.

38.     Plaintiff Wise was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Wise otherwise worked forty or more hours.

39.     Plaintiff Wise was required to travel away from home and stay overnight. She was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated for this work time.  This unpaid travel time work occurred in weeks in which Wise worked forty or more hours per week.

40.     Plaintiff Wise was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was regularly not compensated for this work time in weeks in which Wise otherwise worked forty or more hours.

41.     Plaintiff Wise regularly worked over forty hours per week, including off-the-clock work.

**B.      Plaintiff Emily Beasley**

42.      Plaintiff Beasley worked for Nixon Engineering, LLC, as a traffic control specialist, crew leader and TMA driver from January of 2019 to January of 2020.

43.      As a Crew Chief, Plaintiff Beasley drove herself and others to jobsites and worked with the road crew to set up and maintain traffic control equipment.

44.      Plaintiff Beasley was paid an hourly rate of $8.00 per hour, with an additional bonus of $5.64 per hour for some hours worked up to forty (40) hours, and an overtime rate of $12.00 per hour for some hours worked over forty (40) per week, with some overtime hours going uncompensated.

45.      Plaintiff Beasley was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Beasley otherwise worked forty or more hours.

46.      Plaintiff Beasley was required to travel away from home and stay overnight. She was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated for this work time.  This unpaid travel time work occurred in weeks in which Beasley worked forty or more hours per week.

47.      Plaintiff Beasley was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was

regularly not compensated for this work time in weeks in which Beasley otherwise worked forty or more hours.

48.     Plaintiff Beasley was occasionally required to pay for fuel when driving on behalf of the company, which constituted unlawful "kick-backs" under 29 C.F.R. § 531.35. These unlawful kick-backs totaled approximately $200.00.

49.     Plaintiff Beasley regularly worked over forty hours per week, including off-the-clock work.

**C.     Plaintiff Rhonda Bryant**

50.     Plaintiff Bryant worked for Nixon Engineering, LLC, as a Flagger from April of 2018 to October of 2019.

51.     As a Flagger, Plaintiff Bryant would put out cones and hold signs to communicate with motorists and help traffic flow through construction zones.

52.     Plaintiff Bryant was paid an hourly rate of $8.00 per hour, with an additional bonus of $5.64 per hour for some hours worked up to forty (40) hours, and an overtime rate of $12.00 per hour for some hours worked over forty (40) per week, with some overtime hours going uncompensated.

53.     Plaintiff Bryant was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Bryant otherwise worked forty or more hours.

54.     Plaintiff Bryant was required to travel away from home and stay overnight. She was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated for this

work time.  This unpaid travel time work occurred in weeks in which Bryant worked forty or more hours per week.

55.     Plaintiff Bryant was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was regularly not compensated for this work time in weeks in which Bryant otherwise worked forty or more hours.

56.     Plaintiff Bryant regularly worked over forty hours per week, including off-the-clock work.

**D.     Plaintiff Marcus Davis**

57.     Plaintiff Davis has worked for Nixon Engineering, LLC, as Crew Leader since May of 2017.

58.     As a Crew Leader, Plaintiff Davis drove himself and others to jobsites and worked with the road crew to set up and maintain traffic control equipment.

59.     While serving as Crew Leader, Plaintiff Davis is paid an hourly rate of $8.00 per hour, with an additional bonus of $5.00 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for some hours worked over forty per week, with some overtime hours going uncompensated.

60.     Plaintiff Davis is required to travel to distant locations and from jobsite to jobsite and is regularly not compensated for drive time and various other off the clock work in weeks in which Davis otherwise worked forty or more hours.

61.     Plaintiff Davis is required to travel away from home and stay overnight. He is required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during

working hours on nonworking days, and was/is regularly not compensated for this work time.  This unpaid travel time work occurred in weeks in which Davis worked forty or more hours per week.

62.    Plaintiff Davis is required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was/is regularly not compensated for this work time work in weeks in which Davis otherwise worked forty or more hours.

63.    Plaintiff Davis regularly worked over forty hours per week, including off-the-clock work.

### E.    Plaintiff Will Heslip

64.    Plaintiff Heslip worked for Nixon Engineering, LLC, as a Crew Leader from December of 2017 to January of 2019 and as a Foreman from May of 2019 to August of 2019.

65.    As a Crew Leader, Plaintiff Heslip drove himself and others to the relevant roadside jobsites and worked with the road crew to set up and maintain traffic control equipment.

66.    While serving as a Crew Leader, Plaintiff Heslip was paid an hourly rate of $8.00 per hour, an additional bonus of $5.64 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for all hours worked over forty per week.

67.    As an hourly employee, Plaintiff Heslip was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for the drive time and various other off-the-clock work.

68.     As an hourly employee, Plaintiff Heslip was required to travel away from home and stay overnight. He was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days, and was regularly not compensated for this work time.  This unpaid travel time work occurred in weeks in which Heslip worked forty or more hours per week.

69.     As an hourly employee, Plaintiff Heslip was required to pick up work trucks, rumble strips and other equipment from one jobsite and deliver to another jobsite and was regularly not compensated for this work time work in weeks in which Heslip otherwise worked forty or more hours.

70.     As Foreman, Plaintiff Heslip was paid a salary of $700 per week and was not paid for overtime. He was classified as exempt from overtime wages.

71.     As a Foreman, Plaintiff Heslip's job duties changed very little. In addition to setting up and maintaining traffic control equipment, he trained new employees on the procedures involved with setting up and maintaining traffic control equipment. He would report any issues to his supervisors.  He had no authority to hire, fire, promote, or alter the job duties or pay of other employees.

72.     Plaintiff Heslip regularly worked over forty hours per week, including off-the-clock work.

**F.     Plaintiff Teresa Logan**

73.     Plaintiff Logan worked for Nixon Engineering, LLC, as a Flagger from February of 2018 to February of 2019.

74.     As a Flagger, Plaintiff Logan would put out cones and hold signs to communicate with motorists and help traffic flow through construction zones.

75.     Plaintiff Logan was paid an hourly rate of $8.00 per hour, an additional bonus of $5.64 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for some hours worked over forty per week, with some hours going uncompensated.

76.     Plaintiff Logan was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for the drive time and various other off the clock work in weeks in which Logan otherwise worked forty or more hours.

77.     Plaintiff Logan was required to travel away from home and stay overnight. She was required to travel, as the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days, and was regularly not compensated for this work time.  This unpaid travel time work occurred in weeks in which Logan worked forty or more hours per week.

78.     Plaintiff Logan was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was regularly not compensated for this work time in weeks in which Logan otherwise worked forty or more hours.

79.     Plaintiff Logan regularly worked over 40 hours per week, including off-the-clock work.

### G.   Plaintiff Steve Mitchell

80.   Plaintiff Mitchell worked for Nixon Engineering, LLC, as a Flagger from March of 2018 to January of 2019 and as Crew Leader from January of 2019 to June of 2019.

81.   As a Flagger, Plaintiff Mitchell would put out cones and hold signs to communicate with motorists and help traffic flow through construction zones.

82.   As Crew Leader, Plaintiff Mitchell drove himself and others to the relevant jobsites and work with the road crew to set up and maintain traffic control equipment.

83.   While serving as Flagger and Crew leader, Plaintiff Mitchell was paid an hourly rate of $8.00 per hour, an additional bonus of $5.64 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for some hours worked over forty per week, with some hours going uncompensated.

84.   Plaintiff Mitchell was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for the drive time and various other off the clock work in weeks in which Mitchell otherwise worked forty or more hours.

85.   Plaintiff Mitchell was required to travel away from home and stay overnight. He was required to travel, as the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days, and was regularly not compensated for this work time.  This unpaid travel time work occurred in weeks in which Mitchell worked forty or more hours per week.

86.   Plaintiff Mitchell was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was

regularly not compensated for this work time in weeks in which Mitchell otherwise worked forty or more hours.

87.     Plaintiff Mitchell was threatened with the loss of his job if he did not perform the off-the-clock work.

88.     Plaintiff Mitchell regularly worked over 40 hours per week, including off-the-clock work.

### H.     Plaintiff Michael Ozmun

89.     Plaintiff Ozmun worked for Nixon Engineering, LLC, as a flagger and crew chief from January of 2017 to June of 2019.

90.     As a Crew Chief, Plaintiff Ozmun drove himself and others to jobsites and worked with the road crew to set up and maintain traffic control equipment.

91.     Plaintiff Ozmun was paid an hourly rate of $10.00 per hour, with an additional bonus of $3.64 per hour for some hours worked up to forty (40) hours, and an overtime rate of $15.00 per hour for some hours worked over forty (40) per week, with some overtime hours going uncompensated.

92.     Plaintiff Ozmun was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Ozmun otherwise worked forty or more hours.

93.     Plaintiff Ozmun was required to travel away from home and stay overnight. He was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated

for this work time.  This unpaid travel time work occurred in weeks in which Ozmun worked forty or more hours per week.

94.    Plaintiff Ozmun was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was regularly not compensated for this work time in weeks in which Ozmun otherwise worked forty or more hours.

95.    Plaintiff Ozmun regularly worked over 40 hours per week, including off-the-clock work.

**I.      Plaintiff Eric Rondon**

96.    Plaintiff Rondon worked for Nixon Engineering, LLC, as a flagger, crew leader and TMA driver from June of 2018 to October of 2019.

97.    As a Crew Chief, Plaintiff Rondon drove himself and others to jobsites and worked with the road crew to set up and maintain traffic control equipment.

98.    Plaintiff Rondon was paid an hourly rate of $8.00 per hour, with an additional bonus of $5.64 per hour for some hours worked up to forty (40) hours, and an overtime rate of $12.00 per hour for some hours worked over forty (40) per week, with some overtime hours going uncompensated.

99.    Plaintiff Rondon was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Rondon otherwise worked forty or more hours.

100.   Plaintiff Rondon was required to travel away from home and stay overnight. He was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as

well as during working hours on nonworking days and was regularly not compensated for this work time.  This unpaid travel time work occurred in weeks in which Rondon worked forty or more hours per week.

101.   Plaintiff Rondon was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was regularly not compensated for this work time in weeks in which Rondon otherwise worked forty or more hours.

102.   Plaintiff Rondon regularly worked over 40 hours per week, including off-the-clock work.

103.   Plaintiff Rondon did not receive pay for the first two weeks he worked for Defendant. Therefore, Defendant did not pay Rondon minimum wage for his two weeks of employment.

**J.    Plaintiff David Sanders**

104.   Plaintiff Sanders has worked for Nixon Engineering, LLC, as a Dispatcher since December of 2018.  Plaintiff Sanders was employed by Defendant as an hourly employee from December of 2018 until February of 2019, and as a salaried employee from February of 2019 to present.

105.   As a Dispatcher, Plaintiff Sanders is responsible for road crew coordination as well as roadside manual labor. He answers and responds to phone calls and emails to coordinate where other employees are supposed to work. When not on the phone, Plaintiff Sanders is required to drive trucks and helps the road crew set up and maintain traffic control equipment.

106.   From December of 2018 until February of 2019 Plaintiff Sanders was paid an hourly rate of $8.00 per hour, an additional bonus of $5.00 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for all hours worked over 40 per week.

107.   As an hourly employee, Plaintiff Sanders was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Sanders otherwise worked forty or more hours.

108.   As an hourly employee, Plaintiff Sanders was required to travel away from home and stay overnight. He was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated for this work time.  This unpaid travel time work occurred in weeks in which Sanders worked forty or more hours per week.

109.   From February of 2019 to present, Plaintiff Sanders has been paid a salary of $700 per week. Once paid a salary, Plaintiff Sanders was classified by Defendant as exempt from overtime wages.

110.   Plaintiff Sanders regularly worked over 40 hours per week, including off-the-clock work.

111.   Plaintiff Sanders is required to be on call as a Dispatcher 7 days per week, 24 hours per day.

**K.     Plaintiff Donald Simpson**

112.   Plaintiff Simpson has worked for Nixon Engineering, LLC, as a Flagger and an Assistant Manager since October of 2017.  Plaintiff Simpson was employed by Defendant as an hourly employee from October of 2017 until March of 2020, and as a salaried employee from March of 2020 to present.

113.   As a Flagger, Plaintiff Simpson would put out cones and hold signs to communicate with motorists and help traffic flow through construction zones.

114.   Plaintiff Simpson was paid an hourly rate of $8.00 per hour, an additional bonus of $5.64 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for some hours worked over forty per week, with some hours going uncompensated.

115.   Plaintiff Simpson was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for the drive time and various other off the clock work in weeks in which Simpson otherwise worked forty or more hours.

116.   Plaintiff Simpson was required to travel away from home and stay overnight. He was required to travel, as the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days, and was regularly not compensated for this work time.  This unpaid travel time work occurred in weeks in which Simpson worked forty or more hours per week.

117.   Plaintiff Simpson was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was

regularly not compensated for this work time in weeks in which Simpson otherwise worked forty or more hours.

118.   Plaintiff Simpson was occasionally required to pay for fuel when driving on behalf of the company, which constituted unlawful "kick-backs" under 29 C.F.R. § 531.35. These unlawful kick-backs totaled approximately $200.00.

119.   Plaintiff Simpson regularly worked over 40 hours per week, including off-the-clock work.

**L.      Plaintiff Dyllon Wilkinson**

120.   Plaintiff Wilkinson worked for Nixon Engineering, LLC, as a flagger and crew chief from June of 2018 to December of 2019.

121.   As a Crew Chief, Plaintiff Wilkinson drove himself and others to jobsites and worked with the road crew to set up and maintain traffic control equipment.

122.   Plaintiff Wilkinson was paid an hourly rate of $8.00 per hour, with an additional bonus of $5.64 per hour for some hours worked up to forty (40) hours, and an overtime rate of $12.00 per hour for some hours worked over forty (40) per week, with some overtime hours going uncompensated.

123.   Plaintiff Wilkinson was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Wilkinson otherwise worked forty or more hours.

124.   Plaintiff Wilkinson was required to travel away from home and stay overnight. He was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated

for this work time.  This unpaid travel time work occurred in weeks in which Wilkinson worked forty or more hours per week.

125.    Plaintiff Wilkinson was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was regularly not compensated for this work time in weeks in which Wilkinson otherwise worked forty or more hours.

126.    Plaintiff Wilkinson was occasionally required to pay for fuel when driving on behalf of the company, which constituted unlawful "kick-backs" under 29 C.F.R. § 531.35. These unlawful kick-backs totaled approximately $200.00.

127.    Plaintiff Wilkinson regularly worked over 40 hours per week, including off-the-clock work.

## IV.    CAUSE OF ACTION—Violation of the FLSA

128.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

129.    Plaintiffs asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

130.    At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

131.    At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

132.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week

and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

133.   At all times relevant to this Complaint, Defendant failed to pay Plaintiffs lawful wage as required by the FLSA.

134.   At all times relevant times to this Complaint, Defendant misclassified the salaried Plaintiffs as exempt from the overtime requirements of the FLSA.

135.   Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

136.   Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

137.   Defendant failed to pay Plaintiffs a lawful minimum wage for all hours worked.

138.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## V.        PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully pray that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.      A declaratory judgment that Defendant's practices alleged herein violate the FLSA and their relating regulations;

B.      Judgment for damages for all unpaid minimum wage and overtime compensation under the FLSA and their relating regulations;

C.      Judgment for liquidated damages pursuant to the FLSA and their relating regulations;

D.      An order directing Defendant to pay Plaintiffs a reasonable attorney's fee and all costs connected with this action; and

E.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**WENDY WISE, EMILY BEASLEY, RHONDA BRYANT, MARCUS DAVIS, WILL HESLIP, TERESA LOGAN, STEVEN MITCHELL, MICHAEL OZMUN, ERIC RONDON, DAVID SANDERS, DONALD SIMPSON and DYLLON WILKINSON, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com