IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILL HESLIP, *et al.*<br>　　　　　*Plaintiffs*<br><br>-vs-<br><br>NIXON ENGINEERING, LLC,<br>　　　　　*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-19-CV-01327-XR<br><br>*Consolidated with:*<br>SA-20-CV-868-XR |

## AMENDED ORDER APPROVING SETTLEMENT

On this date, the Court considered the Joint Motion for Court Approval of Confidential Settlement and Joint Stipulation of Dismissal with Prejudice (ECF No. 43). After careful consideration, the Court issues the following amended order.

## BACKGROUND

Plaintiffs Will Heslip, David Sanders, Marcus Davis, Steven Mitchell, and Wendy Wise (together, the "Named Plaintiffs"), proceeding on a collective basis, filed this action against Defendant Nixon Engineering, LLC on November 12, 2019, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 226 ("FLSA") for failure to pay overtime compensation. ECF No. 1. The Named Plaintiffs allege that they were employed by Nixon Engineer, LLC ("Nixon"), a traffic control and highway maintenance business, as foremen/dispatchers, supervisors, controllers, crew leaders and safety officers, and regularly worked in excess of 40 hours per week. *Id.* at 6–10. They further allege that Nixon failed to pay proper overtime compensation for all hours worked in excess of 40 hours in a workweek. *Id.*

On December 12, 2019, Defendant answered, denying the Named Plaintiffs' allegations and raising numerous affirmative defenses. Defendant has asserted that it paid all amounts due for

overtime; that it at all times acted in good faith compliance with the FLSA, and the two-year statute of limitations. *See* ECF No. 5 at 10–13.

Pursuant to a Court Order issued on May 5, 2020, notice was sent to the putative class and four individuals filed consents to join the lawsuit, Rhonda Bryant, Christopher D. Ozmun, Donald Simpson, and Alisa Bernhardt (the "Consent Plaintiffs"). *See* ECF Nos. 16, 20, 22, 23. On October 26, 2020, several new Plaintiffs were added to this action when the Court granted the parties' joint motion to consolidate a later-filed action against Nixon involving the same claims, *Wise v. Nixon Engineering, LLC*, No. 5:20-cv-868-XR (the "Consolidated Case"), under this case, *Heslip v. Nixon Engineering, LLC*, No. 5:19-cv-1327 (the "Lead Case"). The new Plaintiffs included Emily Beasley, Teresa Logan, Michael Ozmun, Eric Rondon, Dyllon Wilkinson (together with the Named Plaintiffs and the Consent Plaintiffs, "Plaintiffs").

The parties have settled and now ask the Court to approve the confidential settlement agreement.

## ANALYSIS

**A.      FLSA Provisions**

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).

The provisions of the FLSA are mandatory. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Not every FLSA settlement, however, requires court approval. "[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)).

**B.     Bona Fide Dispute**

The pleadings indicate that there is a dispute as to liability and amount, as well as whether or not Plaintiff is exempt from the overtime provisions. The FLSA requires employers to pay overtime compensation to employees who work more than forty hours in a workweek. 29 U.S.C. § 207(a)(1). The Act exempts from the overtime-pay requirement any employee who works in a bona fide executive, administrative, or professional capacity. *Id.* § 213(a)(1). The decision whether

an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact; however, the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330-31 (5th Cir. 2000).

The primary issue in this litigation is whether Plaintiffs were properly paid and/or are owed additional overtime compensation. Defendant denies all liability. The first dispute among Defendant and some of Plaintiffs is the number of hours allegedly worked by such Plaintiffs and, thus, whether overtime is owed pursuant to the FLSA; therefore, the amount of compensation allegedly owed to Plaintiffs under the FLSA is in dispute.

The second general dispute among Defendant and some of the Plaintiffs is whether such employees were misclassified as exempt from the overtime provisions of the FLSA. For example, Plaintiff Heslip worked for Nixon as a foreman from May 2019 to August 2019, setting up and maintaining traffic control equipment and training new employees. Although he regularly worked between 40 and 50 hours per week, he was paid a salary of $700 per week and was not paid overtime. ECF No. 1 at 5. Plaintiff Heslip alleges that he was improperly classified as exempt from overtime wages under the FLSA. *Id.* Defendants deny all liability. The decision whether an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact; however, the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc*., 203 F.3d 326, 330–31 (5th Cir. 2000).

The Court concludes that there are bona fide disputes in this case over FLSA coverage and determining the amount of overtime compensation.

### C.    Fair and Reasonable Resolution

The Court has reviewed the terms of the confidential settlement agreement, including the award of attorneys' fees, and concludes that the settlement is fair and reasonable.

### CONCLUSION

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. Accordingly, Joint Motion for Court Approval of Confidential Settlement and Joint Stipulation of Dismissal with Prejudice (ECF No. 43) is **GRANTED**, the settlement is **APPROVED**, and the claims asserted by Plaintiffs against Defendant are hereby **DISMISSED WITH PREJUDICE**.

It is **FURTHER ORDERED** that the Court shall retain jurisdiction over the parties to enforce the Confidential Settlement Agreement. Both the Lead Case, No. SA-19-CV-01327-XR, and the Consolidated Case, 5:20-cv-868-XR, are **CLOSED**.

It is so **ORDERED**.

SIGNED this 8th day of July, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE